

1  J. Andrew Coombs (SBN 123881)
   andy@coombspc.com
2  Nicole Drey (SBN 250235)
   nicole@coombspc.com
3  J. Andrew Coombs, A Prof. Corp.
   517 East Wilson Ave., Suite 202
4  Glendale, California 91206
   Telephone: (818) 500-3200
5  Facsimile: (818) 500-3201

6  Attorneys for Plaintiff Sanrio, Inc.

ORIGINAL
FILED
2010 DEC 28 P 1:28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

JCS

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                                                CV 10 5930

    Sanrio, Inc.,                          )   Case No.
11                                          )
                        Plaintiff,          )   COMPLAINT FOR COPYRIGHT
12                                          )   INFRINGEMENT; TRADEMARK
             v.                             )   INFRINGEMENT; UNFAIR
13                                          )   COMPETITION; TRADEMARK
                                            )   DILUTION
14  Jay Yoon a/k/a Jee Yoon a/k/a Gee Yoon, an )
    individual and d/b/a www.dylansjewels.com )   DEMAND FOR A JURY TRIAL
15  f/k/a www.cocobell.com, and Does 1 – 10,  )
    inclusive,                              )
16                                          )
                        Defendants.         )
17                                          )
                                            )
18

19

20        Plaintiff Sanrio, Inc. ("Sanrio" or "Plaintiff") for its Complaint alleges as follows:

21                  **Allegations Common to All Claims for Relief**

22    A.    **Jurisdiction and Venue**

23        1.      The claims for trademark infringement, unfair competition and trademark dilution

24  under the Lanham Trademark Act, as amended, 15 U.S.C., § 1051 *et seq*., allege the unauthorized

25  use in interstate commerce of famous and distinctive marks, false designations of origin and

26  trademark dilution. The Court has jurisdiction over the subject matter of these claims pursuant to

27  15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338. The cause of action for copyright infringement

28  arises pursuant to 17 U.S.C. § 101, *et seq*. The Court has jurisdiction over the subject matter

pursuant to 28 U.S.C. § 1331 and § 1338(a). The remaining causes of action for unfair competition and trademark dilution under California state law. The Court has jurisdiction over these substantial and related claims pursuant to 28 U.S.C. § 1338 (b) and § 1367.

2. Venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(b), § 1392 and § 1400(a).

**B.      Introduction**

3. This case concerns the concerted, systematic and wholesale theft of various world-famous intellectual properties owned by Plaintiff. Defendants are engaged in the manufacture, importation, distribution, promotion, sale and/or offer for sale of hair accessories, jewelry, and other personal accessories, which incorporate unauthorized likenesses of animated or live action characters owned by Plaintiff, including, but not necessarily limited to, Hello Kitty (collectively "Infringing Product").

**C.      Plaintiff Sanrio**

4. Sanrio is a corporation, duly organized and existing under the laws of California, having its principal place of business in South San Francisco. Plaintiff Sanrio is and, at all relevant times, has been, the exclusive U.S. licensee of Sanrio Company, Ltd., a Japan corporation ("Sanrio Co."). Plaintiff Sanrio is a wholly-owned subsidiary of Sanrio Co.

5. For more than forty years, Sanrio Co. has been engaged in the business of manufacturing, distributing and selling a wide range of products including, without limitation, character artwork created, developed and designed by Sanrio Co. for use by children and young adults. Certain of the characters and designs have achieved such global fame and popularity that Sanrio Co. has produced and distributed television programming for children based on the character artwork. One such television program is the animated television series entitled *Hello Kitty*.

6. A significant source of revenue for Sanrio Co. is the merchandising and licensing of distinctive elements bearing character artwork, including Hello Kitty, Bad Badtz Maru, Chococat, KeroKeroKeroppi, Landy, Little Twin Stars, Monkichi, My Melody, Patty and Jimmy, Pekkle,

Picke Bicke, Pochacco, Tuxedo Sam, Winkipinki and Zashikbuta (hereinafter individually and collectively referred to as the "Sanrio Co. Characters").

7.      The revenue from products using the Sanrio Co. Characters sold in the United States is substantial. The appearance and other features of the Sanrio Co. Characters are inherently distinctive and serve to identify Sanrio as the source of products bearing the Sanrio Co. Characters. The design, configuration and distinctive features of the Sanrio Co. Characters and other Sanrio Co. copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as "Sanrio Co.'s Copyrighted Designs") are wholly original with Sanrio Co. and, as fixed in various tangible media, including, without limitation, merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §§ 101 *et seq.* Sanrio Co. is the owner of Sanrio Co.'s Copyrighted Designs and, as featured on and in connection with various merchandise, these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

8.      Sanrio Co. has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to Sanrio Co.'s Copyrighted Designs, and Sanrio Co. owns one or more certificates of registration for works in which each of Sanrio Co.'s Copyrighted Designs appear. A representative list of copyright registrations for Sanrio Co.'s Copyrighted Designs is attached hereto as Exhibit A.

9.      Products featuring Sanrio Co.'s Copyrighted Designs manufactured, sold and distributed by Sanrio Co. or under its authority have been manufactured, sold and distributed in conformity with the provisions of the copyright laws. Sanrio Co. and those acting under its authority have complied with their obligations under the copyright laws and Sanrio Co. has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of Sanrio Co.'s Copyrighted Designs.

10.     Sanrio Co. owns all right, title and interest in and to and holds exclusive right to develop, manufacture, market and sell products bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating the Sanrio Co. Characters in the United States.

11.     Sanrio Co. is the owner of world famous registered marks which serve to distinguish Sanrio Co. products.  Some of those trademarks have been used continuously for over twenty-five years.  Each year, Sanrio Co. spends millions of dollars to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality.  A representative list of trademark registrations for the Sanrio Co. Characters is attached hereto as Exhibit B (collectively "Sanrio Co.'s Trademarks").

12.     Sanrio Co.'s Trademarks are all valid, extant and in full force and effect.  Sanrio Co.'s Trademarks are all exclusively owned by Sanrio Co.  Sanrio Co. has continuously used each of Sanrio Co.'s Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

13.     As a result of advertising and sales, together with longstanding consumer acceptance, Sanrio Co.'s Trademarks identify Sanrio Co.'s products and authorized sales of these products.  Sanrio Co.'s Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.  The Sanrio Co. Characters, Sanrio Co.'s Copyrighted Designs and Sanrio Co.'s Trademarks are collectively referred to herein as "Sanrio Co.'s Properties."

**D.     Defendants**

14.     Defendant Jay Yoon a/k/a Jee Yoon a/k/a Gee Yoon is an individual and doing business as www.dylansjewels.com, formerly known as www.cocobell.com ("Yoon").  Plaintiff is informed and believes that Yoon is a resident of Livingston, in the State of New Jersey.  Plaintiff is further informed and believes that Yoon currently transacts business as www.dylansjewels.com and formerly as www.cocobell.com and does business in this judicial district through offers and sales of Infringing Product in the City and County of Los Angeles, among other places.

15.     Upon information and belief, Does 1 – 10 are either entities or individuals who are residents of or present in this judicial district, and are subject to the jurisdiction of this Court.  Upon information and belief, Does 1 – 10 are principals or supervisory employees of the named defendants, suppliers of the named defendants or other entities or individuals who are manufacturing, distributing, selling and/or offering for sale merchandise in this judicial district

which infringes some or all of Sanrio Co.'s Properties. The identities of the various Does are unknown to Plaintiff at this time. The Complaint will be amended to include the names of such individuals when identified. The named defendants and Does 1 – 10 are collectively referred to herein as "Defendants."

**E.** **Defendants' Infringing Activities**

16. Upon information and belief, long after Plaintiff's adoption and use of Sanrio Co.'s Properties on a diverse range of goods, and after Plaintiff obtained the copyright and trademark registrations alleged above, Defendants adopted and used substantially identical likenesses of Sanrio Co.'s Properties on Infringing Product, without Plaintiff's consent, by manufacturing, importing, advertising, displaying, distributing, selling and/or offering to sell the Infringing Product. Defendants have caused the Infringing Product to enter into commerce and to be transported or used in commerce.

17. Defendants are not licensed by Plaintiff and at all relevant times were not authorized by Plaintiff or any authorized agent of Plaintiff to manufacture, import, distribute, advertise, sell and/or offer for sale the Infringing Product. Defendants are currently engaged in such uses and, unless enjoined by this Court, will continue such unauthorized uses.

18. By engaging in this conduct, Defendants have acted in willful disregard of laws protecting Plaintiff's goodwill and related proprietary rights and have confused and deceived, or threaten to confuse and deceive, the consuming public concerning the source and sponsorship of the products. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement)

19. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 18, inclusive, as though set forth herein in full.

20. Plaintiff is informed and believes, and upon that basis alleges, that the Defendants have each obtained gains, profits and advantages as a result of their infringing acts in amounts within the jurisdiction of the Court.

21.     Plaintiff is informed and believes, and upon that basis alleges, that it has suffered and continues to suffer direct and actual damages as result of Defendants' infringing conduct as alleged herein, in amounts within the jurisdiction of this Court.  In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. § 504, Plaintiff will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product as alleged herein.  In the alternative, Plaintiff may elect to recover for each of their respective copyrighted works infringed, statutory damages pursuant to 17 U.S.C. § 504(c).

22.     Plaintiff has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts.  Plaintiff is informed and believes, and upon that basis alleges, that, unless enjoined by the Court, the unlawful infringement by Defendants of Sanrio Co.'s Copyrighted Designs will continue with irreparable harm and damage to Plaintiff, and each of them.  Accordingly, Plaintiff seeks and requests permanent injunctive relief pursuant to 17 U.S.C § 502.

23.     By reason of the foregoing, Plaintiff has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiff is entitled to recover from the Defendants, and each of them, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (For Trademark Infringement)

24.     Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 23, inclusive, as though set forth herein in full.

25.     Defendants' manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the Infringing Product is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of the Infringing Product by Plaintiff.  Such confusion, mistake and deception is aggravated by the confusing similarity between Sanrio Co.'s Trademarks

and the use of substantially identical likenesses on the Infringing Product in the same type of goods made, imported and sold by or under authority of Plaintiff.

26.     Plaintiff is informed and believes and, upon that basis alleges, that Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Plaintiff enjoys in connection therewith, with intent to confuse, mislead and deceive the public into believing that the Infringing Product was made, imported and sold by Plaintiff, or are in some other manner, approved or endorsed by Plaintiff.

27.     Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117. In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Plaintiff will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product as alleged herein.  In the alternative, Plaintiff may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

28.     Plaintiff has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts of infringement. Plaintiff is informed and believes, and upon that basis alleges, that, unless enjoined by the Court, the unlawful infringement will continue with irreparable harm and damage to Plaintiff. Accordingly, Plaintiff seeks and requests preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

29.     By reason of the foregoing, Plaintiff has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiff is entitled to recover from Defendants, and each of them, pursuant to 15 U.S.C. § 1117(c).

/ / /

/ / /

/ / /

### THIRD CLAIM FOR RELIEF

### (For Unfair Competition)

30.　Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 29, inclusive, as though set forth herein in full.

31.　Plaintiff owns all rights, title and interest in and to the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating Sanrio Co.'s Properties.

32.　Sanrio Co.'s Properties have each acquired a secondary and distinctive meaning among the public, which has come to identify Plaintiff through various media, including films, books, television, magazines and other sources, and through the distribution and sale of authorized merchandise, and the distinctive features of each of, as designating products associated with Plaintiff.  As a result of the extensive advertising, media exposure, sales and public recognition of Sanrio Co.'s Properties, combined with the positive experiences of the public in its relationship with Plaintiff, Sanrio Co.'s Properties are each symbolic of Plaintiff and representative of the image which the public has of Plaintiff.

33.　Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, have, without permission, authority or license from Plaintiff or its licensees, affixed, applied and/or used in connection with the manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale, false descriptions and representations including words or other symbols which tend falsely to describe or represent such goods as Plaintiff and/or affiliated with Plaintiff and have caused the entry of such goods into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff.  Defendants, and each of them, by misappropriating and using one or more of Sanrio Co.'s Properties, have misrepresented and falsely described to the general public the origin, source, association, affiliation or sponsorship of their goods so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of said goods.

34.     Plaintiff is informed and believes, and upon that basis alleges, that the Infringing Product being manufactured, imported, advertised, marketed, displayed, distributed, sold and/or offered for sale by Defendants, and each of them, are of inferior quality and that the sale and/or offer for sale thereof will be damaging to and dilute the goodwill and reputation of Plaintiff.

35.     Defendants' acts and conduct, as alleged herein, including, without limitation, the Defendants' duplication and imitation of Sanrio Co.'s Properties, are business practices likely to deceive or confuse the purchasing public and trade upon Plaintiff's reputations, both as to the source, origin, sponsorship and approval of the goods provided and as to the affiliation, connection or association of Defendants, and each of them, with Plaintiff and constitute acts of unfair competition, false designation of origin and false representation of affiliation, all in violation of 15 U.S.C. § 1125(a). Plaintiff is informed and believes, and upon that basis alleges, that each of Defendants' respective acts of reputation appropriation and unfair competition was willful.

36.     Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' respective acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.

37.     Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court the confusion and deception alleged above and the likelihood thereof will continue with irreparable harm and damage to Plaintiff. Accordingly, Plaintiff seeks and requests preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

38.     Plaintiff is informed and believes, and upon that basis alleges, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of unfair competition in amounts not thus far determined but within the jurisdiction of this Court, which amounts should each be trebled, pursuant to 15 U.S.C. § 1117.

39.     In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiff requires an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product.

40.     By reason of the foregoing, Plaintiff has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiff is entitled to recover from the Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (For Trademark Dilution)

41.     Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 40, inclusive, as though set forth in full herein.

42.     The extensive advertising, media exposure, sales and public recognition of Sanrio Co.'s Trademarks, combined with the positive experiences of the public in its relationship with Plaintiff, have made Sanrio Co.'s Properties each famous and distinctive marks that are symbolic of Plaintiff and representative of the image the public has of Plaintiff.

43.     Sanrio Co.'s Trademarks are extraordinarily famous and well known throughout the United States and elsewhere, having been used extensively by Plaintiff. By reason of Plaintiff's extensive use of Sanrio Co.'s Trademarks, each has become highly distinctive of Plaintiff's goods and services and is uniquely and exclusively associated with Plaintiff. Sanrio Co.'s Trademarks are famous marks within the purview of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

44.     Defendants' acts and conduct, as alleged herein, including Defendants' use of Sanrio Co.'s Trademarks on and in connection with the manufacture, importation, advertisement, display, distribution, sale and/or offer for sale of the Infringing Product are commercial business practices which trade on Plaintiff's reputation and cause dilution of one or more of each of the famous, distinctive and pre-existing Trademarks, by lessening the capacity of these marks to exclusively identify and to distinguish Plaintiff and its goods and services, and constitute dilution, all in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Plaintiff is informed and believes, and upon that basis alleges, that each of Defendants' acts of trademark dilution and reputational appropriation was willful and that each Defendant willfully intended to reap the benefit of Plaintiff's goodwill, trade upon Plaintiff's reputation and/or dilute the distinctiveness of one or more of Plaintiff's famous and distinctive trademarks.

1    45.    Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined

2    by the Court, Defendants' unlawful and unauthorized acts in violation of Section 43(c) of the

3    Lanham Act will continue to case dilution of one or more of Sanrio Co.'s Properties with the

4    corresponding irreparable harm and damage to Plaintiff. Accordingly, Plaintiff seeks preliminary

5    and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

6    46.    Plaintiff has no adequate remedy at law and has suffered and continues to suffer

7    irreparable harm and damage as a result of Defendants' acts of trademark dilution in amounts thus

8    far not determined, but within the jurisdiction of this Court, which amounts should be trebled

9    pursuant to 15 U.S.C. § 1116.

10   47.    Plaintiff is informed and believes, and upon that basis alleges, that Defendants have

11   each obtained gains, profits and advantages as a result of their wrongful acts of trademark dilution

12   in amounts thus far not determined but within the jurisdiction of this Court, which amounts should

13   be trebled pursuant to 15 U.S.C. § 1117.

14   48.    In order to determine the full extent of such damages, including such profits as may

15   be recoverable, Plaintiff will require an accounting from each Defendant of all monies generated

16   from the manufacture, importation, distribution and/or sale of the diluting items alleged herein.

17   49.    By reason of the foregoing, Plaintiff has incurred and will continue to incur

18   attorneys' fees and other costs in connection with the prosecution of its claims herein, which

19   attorneys' fees and costs Plaintiff is entitled to recover from Defendants, and each of them,

20   pursuant to 15 U.S.C. § 1117.

21                              **FIFTH CLAIM FOR RELIEF**

22                              **(For State Law Unfair Competition)**

23   50.    Plaintiff repeats and realleges all the allegations contained in paragraphs 1 though

24   49, inclusive, as though set forth herein in full.

25   51.    As alleged above, each of Sanrio Co.'s Properties has acquired secondary meaning

26   indicative of origin, relationship, sponsorship and/or association with Plaintiff. The purchasing

27   public is likely to attribute to Plaintiff the use by Defendants and/or their customers, of one or more

28   of Sanrio Co.'s Properties, as a source of origin, authorization and/or sponsorship for Defendants

Sanrio v. Yoon: Complaint                    - 11 -

and/or their customers' goods and therefore to purchase such goods based upon that erroneous belief.

52.     Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, have intentionally appropriated one or more of Sanrio Co.'s Properties with the intent of causing confusion, mistake and deception as to the source of their and/or their third-party wholesale customers' goods and with the intent to palm off such goods as those of Plaintiff, and, as such, Defendants have each committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

53.     Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of each of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

54.     Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Plaintiff.

55.     Plaintiff is informed and believes, and upon that basis alleges, that Defendants have each unlawfully and wrongfully derived and will continue to derive income, gains, profits and advantages as a result of their wrongful acts of unfair competition, in amounts thus far not determined but within the jurisdiction of this Court. Plaintiff is informed and believes, and upon that basis alleges, that it has lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

56.     By reason of the foregoing acts of unfair competition, Plaintiff is entitled to restitution from each Defendant of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

57.     In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiff will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product.

58.     Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Plaintiff in its business and with conscious disregard for Plaintiff's rights, thereby justifying awards of punitive and exemplary damages against each Defendant in amounts sufficient to punish each Defendant and to set an example for others.

## SIXTH CLAIM FOR RELIEF

### (State Law Trademark Dilution)

59.     Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 58, inclusive, as though set forth herein in full.

60.     Plaintiff has used Sanrio Co.'s Trademarks to identify itself and its goods and services. Defendants' use of Sanrio Co.'s Trademarks to identify themselves and their products has diluted and will continue to dilute the distinctive quality of Sanrio Co.'s Trademarks in violation of § 14245, *et seq.* of the California Business and Professions Code.

61.     Defendants' acts as alleged herein have damaged and will continue to irreparably damage Plaintiff. Plaintiff has no adequate remedy at law for such wrongs and injuries. The damage to Plaintiff includes harm to its goodwill and reputation that money cannot adequately compensate. Plaintiff therefore is entitled to a preliminary and permanent injunction enjoining Defendants' commercial use of Sanrio Co.'s Trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

A.     That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1.     Directly or indirectly infringing Sanrio Co.'s Properties in any manner, including generally, but not limited to, manufacture, importation, distribution, advertising, selling and/or offering for sale any merchandise which infringes the said Sanrio Co.'s Properties, and, specifically:

2.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Sanrio Co.'s Properties;

3.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Sanrio Co.'s Properties;

4.      Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff or are in some way affiliated with Plaintiff;

5.      Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff;

6.      Otherwise competing unfairly with Plaintiff in any manner;

7.      Destroying or otherwise disposing of

     a.      Merchandise falsely bearing Sanrio Co.'s Properties;

     b.      Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

     c.      Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiff's Properties;

     d.      Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Sanrio Co.'s Properties;

e.      Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records,      catalogs and all other business records, believed to concern the      manufacture, purchase, advertising, sale or offering for sale of the      Infringing Product;

B.      That Plaintiff and its designees are authorized to seize the following items which are in Defendants' possession, custody or control:

1.      All unauthorized products bearing Sanrio Co.'s Properties, or likenesses thereof;

2.      Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Sanrio Co.'s Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Sanrio Co.'s Properties;

3.      Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Sanrio Co.'s Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Sanrio Co.'s Properties;

4.      Any molds, screens, patterns, plates, negatives, machinery or equipment used for making or manufacturing the Infringing Product or unauthorized items which bear Sanrio Co.'s Properties or which bear a substantial similarity to any of Sanrio Co.'s Properties.

C.      That those Defendants infringing upon Sanrio Co.'s Properties be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiff's election;

D.      That actual damages be trebled pursuant to 15 U.S.C. § 1117;

E.      That Defendants account for and pay over to Plaintiff all damages sustained by Plaintiff and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

F.      That Plaintiff recover from Defendants its costs of this action and reasonable attorneys' fees; and

Sanrio v. Yoon: Complaint                            - 15 -

G.     That Plaintiff have all other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 27, 2010                    J. Andrew Coombs, A Professional Corp.

By:  _____
      J. Andrew Coombs
      Nicole L. Drey
      Attorneys for Plaintiff Sanrio, Inc.

Sanrio v. Yoon: Complaint                        - 16 -

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Sanrio, Inc. hereby demands a

trial by jury of all issues so triable.

DATED: December 27 2010                    J. Andrew Coombs, A Professional Corp.

By: _____
        J. Andrew Coombs
        Nicole L. Drey
Attorneys for Plaintiff Sanrio, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

## SANRIO CO.'S COPYRIGHTED DESIGNS

| Copyright Registration | Title of Work (Character) | Type of Work |
|---|---|---|
| | | |
| VA 1 296 115 | 2004 – 100 Characters | Graphic Artwork |
| VA 811 440 | Bad Badtz Maru | Graphic Artwork |
| VAu 498 617 | Chococat | Art original |
| VA 130 420 | Hello Kitty | Graphic Artwork |
| VA 636 579 | KeroKeroKeroppi | Sticker Book |
| VA 246 421 | Little Twin Stars | Stickers |
| VA 840 495 | Monkichi | Graphic Artwork |
| VA 130 419 | My Melody | Graphic Artwork |
| VA 130 421 | Patty & Jimmy | Graphic Artwork |
| VA 636 582 | Pekkle | Graphic Artwork |
| VA 840 496 | Picke Bicke | Graphic Artwork |
| VA 636 580 | Pochacco | Sticker Book |
| VA 148 625 | Tuxedo Sam | Stickers |
| VA 840 494 | Winkipinki | Graphic Artwork |
| VA 636-581 | Zashikibuta | Stickers |

## EXHIBIT B

## SANRIO'S TRADEMARKS

| Trademark | Mark Drawing Code | Trademark Registration No. | Trademark Registration Date |
|-----------|-------------------|----------------------------|------------------------------|
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,842,707 | 5/18/04 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,707,592 | 4/15/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,705,164 | 4/8/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,714,130 | 5/6/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,952,043 | 5/17/05 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,845,315 | 5/25/04 |
| Hello Kitty | Design Only | 1,200,083 | 7/6/82 |
| Hello Kitty | Design Only | 1,277,721 | 5/15/84 |
| Hello Kitty | Typed Drawing | 1,215,436 | 11/9/82 |
| Hello Kitty | Typed Drawing | 1,279,486 | 5/29/84 |
| Hello Kitty | Typed Drawing | 1,391,550 | 4/29/86 |
| Hello Kitty | Design Only | 1,370,105 | 11/12/85 |
| Keroppi | Standard Character Mark | 3,531,383 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,350 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,531,382 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,349 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,436,548 | 5/27/08 |
| Keroppi | Standard Character Mark | 3,181,348 | 12/5/06 |

Sanrio v. Yoon: Complaint

| Keroppi | Standard Character Mark | 3,181,347 | 12/5/06 |
|---|---|---|---|
| Keroppi | Standard Character Mark | 3,449,938 | 6/17/08 |
| Keroppi | Standard Character Mark | 3,531,381 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,531,380 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,346 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,423,288 | 5/6/08 |
| Keroppi | Standard Character Mark | 3,181,345 | 12/5/06 |
| Little Twin Stars | Typed Drawing | 1,341,864 | 6/18/85 |
| Little Twin Stars | Typed Drawing | 1,192,946 | 4/6/82 |
| Little Twin Stars | Standard Character Mark | 3,245,999 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,998 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,997 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,994 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,993 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,992 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,991 | 5/29/07 |
| Monkichi | Standard Character Mark | Serial Number 77,154,633 | n/a |
| Monkichi | Standard Character Mark | Serial Number 77,154,635 | n/a |
| My Melody | Typed Drawing | 1,305,637 | 11/20/84 |
| My Melody | Typed Drawing | 1,210,192 | 9/28/82 |
| Pekkle | Typed Drawing | 2,327,584 | 3/14/00 |
| Pekkle | Typed Drawing | 2,053,346 | 4/15/97 |

| Pochacco | Typed Drawing | 2,236,507 | 4/6/99 |
|---|---|---|---|
| Pochacco | Typed Drawing | 1,985,358 | 7/9/96 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,506,705 | 11/13/01 |
| Sanrio | Typed Drawing | 2,506,577 | 11/13/01 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,721,680 | 6/3/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,742,381 | 7/29/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,721,679 | 6/3/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,693,639 | 3/4/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,696,063 | 3/11/03 |